*[202]
 
 CARLISLE B. ROBERTS, Judge.
 

 By agreement of counsel, the above-entitled suits were joined for purposes of trial and the cases were submitted to the court through a written stipulation and briefs. Case No. 1327 (Tipton) is an appeal from the Department of Revenue’s Order No. VL 79-132; No. 1328 (Breeding) from Order No. VL 79-135; No. 1329
 
 (Good)
 
 from Order No. VL 79-131; and No. 1331
 
 (Garver)
 
 from Order No. VL 79-129. All the orders were dated March 20, 1979.
 

 The facts are clear. During or prior to the 1976-1977 tax year, the Farmers’ Home Administration (FmHA), a federal corporation, acquired the four subject properties (single-family dwellings) through foreclosures and rented them individually to the four plaintiffs through FmHA’s agent, Salem Non-Profit Housing Corporation (SNP). Plaintiffs occupied their respective subject properties pursuant to a written agreement with SNP (denominated a "lease form” in the case of
 
 Garver
 
 and a "lease of dwelling” in the other three cases). These leases provided for a month-to-month tenancy.
 

 FmHA paid the real property taxes on the subject properties prior to the 1976-1977 tax year and, pursuant to Pub L No. 95-128, § 512, from January 1, 1977, through May 1977 for Good, Garver and Breeding and through June 1977 for Tipton. FmHA stopped such property tax payments upon receipt of orders from its main office in Washington, D.C., prohibiting it from paying real property taxes on real properties in government inventory which were secured by any type of rural housing loan. In consequence, local real property taxes were not paid upon the Tipton property and the Breeding property for the period July 1, 1976, through December 31, 1976, and upon the Good and Garver properties for the period July 1, 1976, through December 31, 1976, plus the month of June 1977.
 

 These facts having come to the attention of the county assessor, he undertook to assess the property
 
 *[203]
 
 taxes in question in the names of the respective plaintiffs, utilizing the provisions of ORS 311.205 through 311.213, basing his action upon ORS 307.060, relating to property of the United States held under lease or other interest less than a fee simple. The pertinent part of ORS 307.060 reads:
 

 "Real and personal property of the United States or any department or agency thereof held by any person under a lease or other interest or estate less than a fee simple, other than under a contract of sale, shall be assessed and taxed as for the full true cash value thereof subject only to deduction for restricted use. The lien for the tax shall attach to and be enforced against only the leasehold, interest or estate in such real or personal property. * * *”
 

 Plaintiffs deny tax liability for the time periods in question, contending that they were mere licensees with no taxable leasehold interest in the subject properties within the meaning of ORS 307.060.
 

 "To create a leasehold interest the lessee must be granted the right of possession. A license is a revocable privilege to use land in the possession of another. *
 
 *
 
 *”
 
 Sproul et al v. Gilbert et al,
 
 226 Or 392, 403, 359 P2d 543, 549 (1961). The limitations in their leases which have been characterized by the plaintiffs as most restrictive (and, according to the plaintiffs, which require this court to find a mere license to use the premises) appear in the "Lease of Dwelling” form (Stipulation Exs D, E and F), and are summarized in Defendant’s Answering Brief at 4-5. These restrictions are:
 

 (1) The restriction on alterations, improvements and repairs by the tenants.
 

 (2) The requirement that the premises be occupied only by the tenants and their minor children for residential purposes and not used for a business without the written consent of the lessor.
 

 
 *[204]
 
 (3) The requirement that the premises not be assigned, sublet or otherwise transferred by the tenant without the written permission of the lessor.
 

 (4) The provisions for termination of the lease by the lessor, a new owner, or the tenant upon 30 days’ written notice.
 

 (5) The lessor’s disclaimer of responsibility for the actions of anyone who might redeem the premises from foreclosure.
 

 In the court’s view, a study of
 
 Sproul, supra; Ore. Summer Hm. Owners v. Johnson,
 
 265 Or 544, 510 P2d 344 (1973); and
 
 R.L.K. and Co. v. Commission,
 
 1 OTR 584 (1964), clearly demonstrates that even greater restrictions have been found to present no obstacle to the creation of the possessory interest which is characteristic of the bona fide lease. After describing the pertinent incidents illustrated in the cases cited, Defendant’s Answering Brief concludes, at 7:
 

 "Thus, every restriction contained in plaintiffs’ leases have [sic] been weighed expressly or by implication, by this [tax] court and the Oregon Supreme Court and found insufficient to destroy the possessory character of the interest created by the 'lease’.”
 
 *
 

 The court agrees with the defendant’s conclusions and affirms the several orders of the Department of Revenue referred to above.
 

 Defendant is entitled to its costs.
 

 *
 

 As defendant has noted, California is in accord.
 
 See United States v. County of Fresno,
 
 50 Cal App3d 633, 123 Cal Rptr 548 (1975),
 
 aff’d on constitutional grounds,
 
 429 US 452, 97 S Ct 699, 50 L Ed2d 683 (1977);
 
 McCaslin v. DeCamp,
 
 248 Cal App2d 13, 56 Cal Rptr 42 (1967).